**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ABRAHAM MOISES HERRERA-AGUILAR**, <br><br> Petitioner, <br><br> *v.* <br><br> **MARKWAYNE MULLIN**, *in his official capacity as Secretary of the U.S. Department of Homeland Security*, et al., <br><br> Respondents. | **CIVIL ACTION** <br><br><br> **NO. 26-3626-KSM** |

**ORDER**

**AND NOW**, this 18th day of June, 2026, upon consideration of Petitioner's "CFI Update" that asks this Court to "issue an Order suspending any [credible fear interview ("CFI")], or, if a CFI has already been concluded, that its finding be withheld until this Court adjudicates the underlying Petition" (Doc. No. 8 at 2), which the Court construes as a motion; and the representations of the parties, it is **ORDERED** that Petitioner's motion is **DENIED**.[1]

   **IT IS SO ORDERED.**

/s/*Karen Spencer Marston*
KAREN SPENCER MARSTON, J.

---

[1] Petitioner's "CFI Update" states that Petitioner and his counsel were supposed to have a scheduled call yesterday morning to prepare Petitioner for a "potential [CFI]." (Doc. No. 8 at 2.)  Instead, a representative from U.S. Immigration and Customs Enforcement ("ICE") informed Petitioner's counsel that such a call was not possible because Petitioner "is currently on a call with his asylum interview." (*Id.*; Doc. No. 8-1.)  Subsequently, the Government has stated that "ICE will ask for the Reasonable Fear Interview to be redone so that Counsel can be present" and that the Government "will assist [Petitioner's] counsel" with entering an appearance on behalf of Petitioner with U.S. Citizenship and Immigration Services, the federal agency that conducts CFIs.  Notwithstanding that Petitioner's motion may be moot due to the Government's representations, the motion is denied because the Court is unaware of any—and Petitioner's motion has cited to no—authority that would give us jurisdiction to suspend Petitioner's CFI or hold it in abeyance.  The instant action arises from Petitioner's contention he was arrested and is detained unlawfully pursuant to 8 U.S.C. § 1225(b)(2)(A).  (*See* Doc. No. 1.)  Such a petition does not confer upon this Court jurisdiction to oversee or rule on Petitioner's potential CFI.