**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **ABRAHAM MOISES HERRERA-AGUILAR**, | **CIVIL ACTION** |
| Petitioner, | |
| v. | **NO. 26-3626-KSM** |
| **MARKWAYNE MULLIN**, *in his official capacity as Secretary of the U.S. Department of Homeland Security*, et al., | |
| Respondents. | |

**MEMORANDUM**

**MARSTON, J.**                                                      **June 24, 2026**

Petitioner Abraham Moises Herrera-Aguilar, through counsel, petitions this Court for

habeas relief, arguing that his arrest and current detention by the Department of Homeland

Security ("DHS") violates the Immigration and Nationality Act ("INA"), the Due Process Clause

of the Fifth Amendment, and the Administrative Procedure Act ("APA"). (Doc. No. 1.)

Specifically, Herrera-Aguilar argues that he has been detained due to the Government's recent

re-interpretation of 8 U.S.C. § 1225(b)(2)(A). (*Id.* at 8); *see also Hussain v. O'Neill*, No.

26cv35, 2026 WL 66891, at *1–2 (E.D. Pa. Jan. 8, 2026) (summarizing the federal government's

recent re-interpretation of Section 1225(b)(2)(A)). Respondents[1] (collectively, "the

Government") respond that Herrera-Aguilar is incorrect; Herrera-Aguilar is not being held

pursuant to Section 1225(b)(2)(A) but is instead lawfully detained under 8 U.S.C. § 1231(a)(5),

---

[1] Herrera-Aguilar names four government officials as respondents: (1) Markwayne Mullin, Secretary of DHS; (2) Todd Blanche, Acting United States Attorney General; (3) John E. Rife, Philadelphia Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs Enforcement ("ICE"); and (4) J.L. Jamison, Warden of the Federal Detention Center, Philadelphia ("FDC"). (Doc. No. 1 at 1.)

the section governing "reinstatements of removal orders against aliens illegally reentering." (*See* Doc. No. 3.)  Herrera-Aguilar has replied, but he does not dispute that central and critical fact, which was omitted from his original Petition. (*See* Doc. Nos. 1, 7.)  So, the Court will deny the Petition.

## I.    FACTUAL BACKGROUND

Herrera-Aguilar is a citizen and native of Honduras who attempted to enter the United States without authorization in May 2013. (Doc. No. 3-1.)  He was unsuccessful, apprehended by DHS, and removed from the United States on June 6, 2013. (*Id.*; Doc. No. 3-4.)  Seven years later, in 2020, Herrera-Aguilar "came [back] to the United States." (Doc. No. 1 at 2.)  Since that time, he has settled in the Philadelphia area with his fiancée. (*Id.*)  In January of 2025, he applied for asylum and in June of 2025, he applied for an employment authorization, the latter of which was approved August of 2025. (*See* Doc. No. 3-2.)

While his asylum application was still pending, on May 27, 2026, a warrant for Herrera-Aguilar's arrest and removal was issued by DHS, and Herrera-Aguilar was arrested by ICE officers the same day. (*See* Doc. No. 1 at 2; Doc. No. 3-3.)  After his arrest, ICE served Herrera-Aguilar with a Notice of Intent/Decision to Reinstate Prior Removal Order. (*See* Doc. No. 3-4.)  Herrera-Aguilar did not make a statement contesting the determination. (*Id.*)  He was then detained at the FDC and placed in removal proceedings. (*See* Doc. No. 1 at 4.)

## II.    PROCEDURAL HISTORY

The same day Herrera-Aguilar was detained, he filed the instant petition arguing that his detention is unlawful under Section 1225 of the INA, the Fifth Amendment, and the APA. (*See* Doc. No. 1.)  Shortly after the Petition was filed, this Court issued an order enjoining the Government from moving Herrera-Aguilar out of this District. (*See* Doc. No. 2.)  On June 3, 2026, the Government responded to the Petition, asserting that the Petition should be denied

because it fails to address that Herrera-Aguilar was previously removed from the United States and thus his detention is governed by INA Section 1231(a)(5).  (*See* Doc. No. 3.)  Upon review of the Government's response, the Court lifted its injunction[2], and ordered Herrera-Aguilar to reply to the Government's response.  (*See* Doc. No. 4.)  On June 10, 2026, Herrera-Aguilar replied, conceding that "Petitioner does not dispute that Respondents have invoked the post-reinstatement [Section 1231] framework," but arguing that Herrera-Aguilar's pending asylum claim factually differentiates his situation such that he remains entitled to habeas relief.  (*See* Doc. No. 7 at 8; *see generally id.*)  As the Petition is fully briefed, it is ripe for resolution.

## III.    LEGAL STANDARD

Herrera-Aguilar seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Under that provision, a federal district court is authorized to grant a writ of habeas corpus to a petitioner who is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(1), (3).  The petitioner carries the burden of showing his detention violates the Constitution or federal law.

*Id.* § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

---

[2] The injunction was originally issued based upon the Court's review of the Petition and finding "that it raises substantive issues that have merit."  (Doc. No. 2.)  Such a finding was bolstered by the fact that hundreds of similar petitions have been filed in this and other Courts over the last few months.  *See Mirdjalilov v. Warden of Fed. Det. Ctr. Philadelphia*, No. 25cv7068, 2026 WL 184249, at *5 n.6 (E.D. Pa. Jan. 23, 2026) (collecting cases in the Third Circuit on this issue).  But, upon review of the Government's response and the exhibits attached thereto (Doc. No. 3), the Court's preliminary review supported legal and factual differences between this and other recent cases such that an injunction was not proper.  (*See* Doc. No. 4.)

After the injunction was lifted, Herrera-Aguilar was transferred from the FDC, a federal criminal detention facility, to the Moshannon Valley Processing Center.  Even though the Moshannon Valley Processing Center is not and Herrera-Aguilar is no longer in the Eastern District of Pennsylvania, the Court retains jurisdiction over this Petition because it was filed while Herrera-Aguilar was detained in this District.  *See Khalil v. President, United States*, 164 F.4th 259, 270–71 (3d Cir. 2026).

## IV.   DISCUSSION

As the Petition is incorrect about the reason for Herrera-Aguilar's detention and such a detention is proper under a plain reading of the INA, the Petition must be denied.  Section 1231 of the INA governs the detention, release, and removal of noncitizens who have been ordered removed.  *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 575–76 (2022) ("This Court recently held that § 1231(a) applies to individuals who are removed and who then reenter without authorization and apply for withholding of removal based on a fear that they will be persecuted or tortured if returned to their countries of origin.").  Section 1231(a)(5) further provides that when an alien reenters the country after having previously been removed, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed."  8 U.S.C. § 1231(a)(5).  In that situation, "the alien is not eligible and may not apply for any relief under this chapter" and "shall be removed under the prior order at any time after the reentry."  *Id.* Further, Section 1231 authorizes detention "when an alien is ordered removed" and enters the "removal period," which lasts 90 days.  And although there is no statutory limit on the Secretary's discretion to detain noncitizens beyond the 90-day period, the Supreme Court has held that the "presumptively reasonable" period for detention following a lawful removal order is six months.  *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Here, the submissions before the Court make clear that Herrera-Aguilar is currently being detained pursuant to Section 1231(a)(5), and not Section 1225(b)(2), as his Petition originally claimed (*see* Doc. No. 1).  (Doc. Nos. 3, 3-4.)  And Herrera-Aguilar does not contest this determination.  (*See* Doc. No. 7 at 2 (admitting "Respondents' reinstatement evidence may change the statutory framework behind this case" and no longer "contend[ing] that this case is similar to recent [Section 1225] detention cases").  Yet, instead of amending or withdrawing

Herrera-Aguilar's Petition, his counsel maintains that such a determination still "does not answer the habeas question before this Court." (Doc. No. 7 at 2.)

Herrera-Aguilar, and his counsel, are incorrect. On May 27, 2026, ICE served Herrera-Aguilar with the Notice of Intent/Decision to Reinstate Prior Removal Order, which Herrera-Aguilar has not contested. (*See* Doc. No. 3-4.) As such, he is now in his "removal period" because he has a final order of removal against him, and detention during such a "removal period" is mandatory. 8 U.S.C. § 1231(a)(2); *see Arteaga-Martinez*, 596 U.S. at 578 ("The statute provides that the Government 'shall' detain noncitizens during the statutory removal period." (citing 8 § 1231(a)(2)); *Demore v. Kim*, 538 U.S. 510, 512 (2003) (holding that detention pending a noncitizen's removal is a "constitutionally valid aspect of the [removal] process"). For this reason, Herrera-Aguilar's APA claim also fails because he has made no showing the Government's Section 1231 detention is improper under the APA. And since Herrera-Aguilar has been detained for less than a month since his final removal order was entered on May 27, 2026, he is within the "presumptively reasonable" six-month period for detention discussed by the Supreme Court in *Zadvydas*. 533 U.S. at 701. So, his detention also does not yet violate the Due Process Clause of the Fifth Amendment.

Instead of arguing against this conclusion, Herrera-Aguilar's reply seeks to litigate a wholly separate issue: the Government's failure to timely adjudicate Herrera-Aguilar's 2025 asylum application and knowledge of his existence in the United States since that time. (*See* Doc. No. 7 at 2–7.) As a preliminary matter, because Herrera-Aguilar raises these issues for the first time in his reply brief, they are not properly before us; "[i]t is well-settled . . . that a habeas petitioner cannot amend his petition – much less introduce wholly new claims – in his reply brief." *McClellon v. Rickard*, No. 24cv10053, 2025 WL 3286917, at *10 (S.D.N.Y. June 24,

2025); *see also Calderon v. Noem*, No. 25cv2136, 2025 WL 3754042, at *4 (W.D. Wash. Dec. 29, 2025), *appeal dismissed*, No. 26-1267, 2026 WL 1587520 (9th Cir. Apr. 2, 2026) (holding the same).  So, we do not need to consider any such argument from Herrera-Aguilar about how his asylum claim impacts his statutory detention under Section 1231 of the INA.

And even if we were to consider those arguments, they miss the mark.  According to Herrera-Aguilar, "[t]he point is that the reinstatement [of removal] paperwork does not answer what happened to the pending I-589 [asylum application], why [United States Citizenship and Immigration Services] failed to adjudicate it, or why detention may now be used to displace the pending affirmative asylum process."  (Doc. No. 7 at 5.)  But even if this Court could "answer" those questions, it would not change the undisputed conclusion that he is properly detained under Section 1231(a)(5).  *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) (holding that "aliens subject to reinstated orders of removal . . . are not entitled to a bond hearing while they pursue withholding of removal").  And, as the Government discusses in their response (Doc. No. 3 at 4 (citing 8 C.F.R. § 208.31(a)), Herrera-Aguilar will have the opportunity to continue to assert his asylum case while he is detained under Section 1231(a)(5).

## V.    CONCLUSION

ICE's detention of Petitioner is lawful under the INA and APA because it is not pursuant to Section 1225(b)(2)(A), but is instead pursuant to Section 1231(a)(5).  Further, because Petitioner's detention is still well below the 90-day statutory threshold and the six-month "presumptively reasonable" period for immigration detention in the factual scenario present here, his detention does not offend due process.  So, the Petition will be denied.

An appropriate order follows.